UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA LEE DAY,

    Petitioner,

v.                                                          Case No. 8:22-cv-1576-WFJ-AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Day, a Florida inmate, initiated this action by petitioning for the writ of habeas corpus under 28 U.S.C. § 2254 ("petition") (Doc. 1). Respondent moves to dismiss the petition as time-barred (Docs. 7, 15), which Petitioner opposes (Docs. 8, 18). Upon consideration, the petition will be denied as time-barred.

**Procedural Background**

Mr. Day was convicted of attempted first-degree murder and violation of an injunction and sentenced to 30 years in prison (Doc. 7-2, Ex. 3). His convictions and sentence were affirmed on appeal on June 6, 2018 (*Id.*, Ex. 4).

On October 25, 2018, Mr. Day filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P. (*Id.*, Ex. 7). The Rule 3.850 motion was finally denied on May 20, 2019 (*Id.*, Ex. 9). The denial was affirmed on appeal (*id.*, Ex. 11), and the appellate court mandate issued on July 24, 2020 (*Id.*, Ex. 12).

On January 5, 2021, Mr. Day filed a second Rule 3.850 motion (*Id.*, Ex. 13). He raised

1

two claims, which he argued were based on newly discovered evidence (*Id.*). His first claim was that counsel was ineffective in providing erroneous advice, leading him to reject the State's offer of seven years (*Id.*). The second claim was that counsel and the prosecutor colluded to lose or destroy recordings of the depositions of the State's witnesses (*Id.*). He contended that both claims were based on facts he discovered on March 11, 2020, when counsel responded to his December 11, 2019 petition for a writ of mandamus and stated that there were no court reporters at the depositions, the depositions were not transcribed, counsel's audio recordings of the depositions were lost, and the State Attorney's office had no recordings of the depositions (*Id.*, Ex. 13 at Ex. "E"; Doc. 18 at Ex. "1").

In denying the second Rule 3.850 motion, the state post-conviction court stated:

> In his Motion Defendant alleges two claims of newly discovered evidence. Defendant's first claim is that counsel rendered misleading and erroneous advice which led Defendant to reject a plea offer. Defendant claims that counsel told him that the State's witnesses made inconsistent statements and that the knife could not be linked to him. The Court finds that such a claim does not constitute newly discovered evidence. To be considered newly discovered, the evidence "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence." Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. Robinson v. State, 865 So. 2d 1259, 1262 (Fla. 2004), quoting Jones v. State, 709 So. 2d 512, 521 (Fla. 1998). As Defendant's claim does not meet the newly discovered evidence criteria, the motion is untimely.
>
> Defendant's second claim alleges that counsel and the State colluded to destroy the discovery depositions. Defendant's claim is based purely upon speculation and is not supported by any evidence.

(*Id.*, Ex. 14). On appeal, the appellate court affirmed the state post-conviction court's order without a written opinion (*Id.*, Ex. 16). The appellate court mandate issued on March 4, 2022

2

(*Id.*, Ex. 17).

Mr. Day provided his federal habeas petition to prison officials for mailing on July 7, 2022 (Doc. 1 at docket page 1).[1]

**Discussion**

The petition is untimely.

Respondent moves to dismiss the petition as time-barred (Docs. 7, 15). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). Section 2244(d)(1) provides:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For purposes of AEDPA, the relevant one-year limitations period applicable here runs

---

[1] A pleading is considered filed by a prisoner on the date it was delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993) (stating that "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for district court for the purpose of ascertaining timeliness").

from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). And under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Mr. Day's judgment of conviction became final on September 4, 2018, when the 90-day period expired for petitioning the United States Supreme Court for certiorari review following the June 6, 2018 affirmance on direct appeal. *See* Sup.Ct.R. 13; *Nix v. Sec'y, Fla. Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (holding that a petitioner's conviction became final, for federal habeas purposes, after the expiration of the 90-day period in which he could have sought certiorari review in the United States Supreme Court). Thus, the AEDPA statute of limitations started the next day, September 5, 2018.

The limitations period ran for 50 days before it was tolled when Mr. Day filed his first Rule 3.850 motion on October 25, 2018. The limitations period remained tolled through July 24, 2020, when the appellate court mandate issued. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (holding that the federal clock starts running when the state appellate court's mandate issues on an opinion affirming the denial of a state post-conviction motion.

The limitations period started again on July 25, 2020, and ran another 164 days before Mr. Day filed his second Rule 3.850 motion on January 5, 2021. But the motion did not toll the limitations period because it was not "properly filed," since it was untimely.[2] *See Jones v.*

---

[2] Although the state post-conviction court order only expressly stated that Mr. Day's first claim was "untimely" because it did "not meet the newly discovered evidence criteria," (Doc. 7-2, Ex. 14), it is apparent that the second claim also was found untimely because it did not meet the "newly

*Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1342 (11th Cir. 2018) ("In *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the United States Supreme Court expressly held that a state court motion for post-conviction relief cannot be considered 'properly filed' for tolling under Section 2244(d)(2) if the motion was untimely under state law."). Thus, the limitations period elapsed on Monday, June 7, 2021. Accordingly, Mr. Day's federal habeas petition, filed on July 7, 2022, is untimely.

Mr. Day alleges that the COVID-19 lockdowns justify equitable tolling of the limitations period (Doc. 1 at docket pp. 36-37). "A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some

---

discovered evidence" exception to Rule 3.850's two-year statute of limitations, since the state post-conviction court found the second claim was "based purely upon speculation and [was] not supported by any evidence." (*Id.*). *See Jones*, 906 F.3d at 1350 (concluding that although the state court failed to expressly state Rule 3.850 motion based on newly discovered evidence was untimely, "an untimeliness finding was subsumed within the state court's denial of relief because (according to that court) the petitioner could have discovered the new evidence several years before."). And this Court finds Mr. Day's second Rule 3.850 motion was untimely because it did not meet the "newly discovered evidence" exception, since Mr. Day did not present his claims within 2 years of the time the new facts could have been discovered with the exercise of due diligence. *See Jones*, 906 F.3d at 1348 (federal courts may "independently assess the timeliness of the petitioner's Rule 3.850 Motion . . . ."); Rule 3.850(b), Fla.R.Crim.P. ("A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that . . . the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or *could have been discovered with the exercise of due diligence* . . . .") (emphasis added). When defense counsel provided Mr. Day with the discovery documents in May 2017, there were no depositions (Doc. 7-2, Ex. 13 at docket pp. 121, 128). And Mr. Day had known since the trial in 2017 that counsel did not impeach the witnesses with their deposition testimony. Thus, the fact that no transcripts of depositions existed was known to Mr. Day, or at least could have been known using diligence, before Mr. Day's judgment became final and within the two-year time limit to file a Rule 3.850 motion.

extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). To succeed in establishing equitable tolling, a petitioner must show both elements; Mr. Day establishes neither.

COVID-19 lockdowns are not "extraordinary circumstances" that justify equitable tolling. *See Driver v. Sec'y, Dep't of Corr.*, 2024 WL 2239126, at *1 (11th Cir. Mar. 1, 2024) ("[T]he 'shutdown' of the law library at Driver's prison and his inability 'to get assistance [from] law clerks' during the COVID-19 pandemic were not 'extraordinary circumstances' warranting equitable tolling.") (second alteration in original); *Powell v. United States*, 2022WL2811987, at *1 (11th Cir. Feb. 8, 2022) (denying equitable tolling of the AEDPA's one-year statute of limitations for § 2255 motions). And Mr. Day cannot meet the due diligence requirement because he knew or could have known the facts supporting his claims when he filed his original Rule 3.850 motion, before the statute of limitations expired.

Mr. Day also alleges that the AEDPA's limitations period was tolled while his December 11, 2019 petition for writ of mandamus was pending, in which he sought a writ of mandamus compelling counsel to provide him with deposition transcripts (Doc. 8 at docket p. 2). But "petitions for mandamus which do not seek 'post-conviction or other collateral review' of the judgment of conviction do not toll the [AEDPA's limitations] period." *Thomas v. Tucker*, 2011 WL 7052582, at *1 (N.D. Fla. Dec. 7, 2011), *report and recommendation adopted*, 2012 WL 136009 (N.D. Fla. Jan. 18, 2012); *Moore v. Cain*, 298 F.3d 361, 366–67 (5th Cir. 2002) (state prisoner's application to Louisiana Supreme Court for a writ of mandamus requesting that the trial court be directed to rule on state habeas petition, was not an "application for collateral review" concerning prisoner's conviction, and thus the application

6

did not toll federal habeas statute of limitations); *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004) (holding that to toll the AEDPA's statute of limitations, an application for post-conviction review must seek relief from the judgment of conviction). *Cf. Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1338 (11th Cir. 2008) (motion to obtain DNA testing does not toll AEDPA's limitations period because it is a discovery motion that does not challenge the conviction, but merely seeks material that might be of help in developing such a challenge). Accordingly, Mr. Day's petition for a writ of mandamus did not toll the limitations period.

Finally, Mr. Day argues that his second Rule 3.850 motion was "properly filed" because the state court incorrectly found it untimely (Doc. 8 at docket p. 3). But under *Jones*, this Court must defer to the state court's determination that the motion was untimely. *See Jones*, 906 F.3d at 1350 ("In short, the state court ruled that the Rule 3.850 Motion was untimely, and we are required to defer to that ruling."). That is, the state court's determination of untimeliness is "the end of the matter" for purposes of § 2244(d)(2). *Id.* at 1351 (citing *Pace*, 544 U.S. at 414). Because the motion was untimely, it was not "properly filed," and it did not toll the limitations period for Mr. Day's federal habeas petition.

Mr. Day's federal habeas petition was untimely filed. And because he fails to show entitlement to sufficient tolling or any other equitable exception to the statute of limitations, the petition is time-barred.

Accordingly:

1. The petition (Doc. 1) is **DISMISSED** as time-barred.

2. The Clerk of the Court must enter judgment against Mr. Day.

3. If Mr. Day appeals the dismissal of the petition, the Court denies a certificate of

appealability. Because the Court has determined that a certificate of appealability is unwarranted, Mr. Day may not appeal *in forma pauperis*.

4. The Clerk of the Court must close this case.

ORDERED in Tampa, Florida, on May 8, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

cc: Joshua Lee Day, *pro se*
    Counsel of Record